IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
No. 5:25-cv-00022

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) **NOTICE OF REMOVAL** |
| SETRA SYSTEMS, INC., | ) |
| Defendant. | ) |

PLEASE TAKE NOTICE that Defendant Setra Systems, Inc. ("Setra"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned case to this Honorable Court and provides notice of the same to counsel for Federal Insurance Company ("Plaintiff"). Setra states the following in support of removal:

## STATE COURT ACTION

1. On or about December 19, 2024, Plaintiff filed in the Superior Court for Caldwell County, North Carolina, a Summons and Complaint against Setra and was assigned case number 24CVS1632. (Compl., attached hereto as **Ex. A**.)

2. In the Complaint, Plaintiff seeks recovery related to alleged water damage to a manufacturing and laboratory facility operated by Stallergenes Greer Holdings, Inc. in Lenoir, North Carolina. (Compl., **Ex. A**, ¶ 4–8.) It is alleged that Plaintiff, the insurer of the Stallergenes facility, paid $1,142,760.34 "for the business real property, business personal property, business interruption, and other damages [Stallergenes] sustained." (Compl., **Ex. A**, ¶ 14.) Plaintiff brings the current products liability action as subrogee to recover the payments it made to Stallergenes, claiming the water damage was caused by an alleged defect in a Setra Systems-manufactured

valve. (Compl., **Ex. A**, ¶¶ 9–13.) Plaintiff asserts claims for negligence and breach of implied warranty of merchantability. (Compl., **Ex. A**, ¶¶ 16–36.)

## TIMELINESS

3. A copy of the Summons and Complaint were served by mail on Setra's registered agent in Boston, Massachusetts on January 8, 2025.

4. This Notice of Removal is timely filed pursuant to the requirements set forth in 28 U.S.C. § 1446(b)(1) because it is filed within thirty days after service of the Complaint upon Setra.

## CONSENT OF DEFENDANTS

5. Setra is the only defendant in this action. Therefore, 28 U.S.C. § 1446(b)(2)(A) is satisfied because all defendants who have been properly joined and served consent to removal.

## JURISDICTION

6. This action is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action between citizens of different states wherein the matter in controversy exceeds $75,000.

7. Complete diversity of citizenship exists between Plaintiff and Setra.

    a. Plaintiff alleges it is a Delaware corporation with its principal place of business in Indiana. (Compl., **Ex. A**, ¶ 1.) Therefore, Plaintiff is deemed to be a citizen of Delaware and Indiana. *See* 28 U.S.C. § 1332(c)(1).

    b. Plaintiff alleges that Setra is a Massachusetts corporation with its principal place of business in Massachusetts. (*See* Compl., **Ex. A**, ¶ 2.) Therefore, Setra is deemed to be a citizen of Massachusetts. *See* 28 U.S.C. § 1332(c)(1).

8. The amount in controversy exceeds $75,000 because the Complaint on its face seeks damages "in excess of $1,142,760.34." (Compl., **Ex. A**, at 5 & 6.)

9. Therefore, 28 U.S.C. § 1332 gives this Honorable Court subject-matter jurisdiction over this action because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. In the event the Court finds the showing herein to be insufficient, Setra respectfully requests the opportunity to cure any such defect, including by the submission of appropriate jurisdictional evidence, before the Court makes any adverse ruling.

## **VENUE AND OTHER MATTERS**

10. This case is properly removed to the U.S. District Court for the Western District of North Carolina, Statesville Division, because Plaintiff filed its Complaint in the Superior Court for Caldwell County, North Carolina. *See* 28 U.S.C. §§ 113(c) & 1441(a).

11. Promptly after this pleading is filed in this Honorable Court, written notice of the filing of this Notice of Removal will be given to all adverse parties and will be filed with the Clerk of the Superior Court for Caldwell County, North Carolina, in accordance with 28 U.S.C. § 1446(d).

12. Copies of all process, pleadings, and orders served in the state court action, are attached hereto as **Ex. A**, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant Setra Systems, Inc. removes the above-captioned case to the United States District Court for the Western District of North Carolina, Statesville Division.

This the 7th day of February, 2025.

                                            SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

By:    s/ Christopher R. Kiger
        Christopher G. Smith
        N.C. State Bar No. 22767
        Christopher R. Kiger
        N.C. State Bar No. 28618
        Post Office Box 2611
        Raleigh, North Carolina 27602-2611
        Telephone:   (919) 821-1220
        Facsimile:   (919) 821-6800
        csmith@smithlaw.com
        ckiger@smithlaw.com

*Attorneys for Defendant Setra Systems, Inc.*

# CERTIFICATE OF SERVICE

This is to certify that on the 7th day of February, 2025, I electronically filed the foregoing pleading the Clerk of Court, using the CM/ECF system, and served it by first-class U.S. mail upon the following:

>Zachary V. Renegar
>COZEN O'CONNOR
>301 South College Street, Suite 2100
>Charlotte, NC 28202
>zrenegar@cozen.com
>
>*Attorney for Plaintiff*
>*Federal Insurance Company*

>SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.
>
>By: s/ Christopher R. Kiger
>Christopher G. Smith
>N.C. State Bar No. 22767
>Christopher R. Kiger
>N.C. State Bar No. 28618
>Post Office Box 2611
>Raleigh, North Carolina 27602-2611
>Telephone: (919) 821-1220
>Facsimile: (919) 821-6800
>csmith@smithlaw.com
>ckiger@smithlaw.com
>
>*Attorneys for Defendant Setra Systems, Inc.*